UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      CASE NUMBER: 09-20197
                                                  HONORABLE VICTORIA A. ROBERTS

v.

DONALD TERRILL GEFORD,

        Defendant.
_____/

**ORDER REJECTING RULE 11 PLEA AGREEMENT
AND SETTING FORTH APPROPRIATE SENTENCING RANGE**

**I.    INTRODUCTION**

Defendant Donald Terrill Geford comes before the Court to be sentenced for felony possession of several firearms. Defendant signed a Plea Agreement providing for a sentence of 46-57 months detention. For reasons set forth in this Order, the Court **REJECTS** the Plea Agreement and determines that Defendant's proper sentencing range is 100-125 months.

**II.    BACKGROUND**

On March 11, 2008, agents of the Drug Enforcement Administration executed a search warrant at Defendant's residence at 7297 Abington, in Detroit. They found two small bags or marijuana, digital scales, and six firearms: four handguns, one shotgun, and one semi-automatic rifle. Defendant was not home at the time of the search, but he voluntarily contacted and met with DEA agents on April 7, 2008. At this meeting, he confessed to purchasing the guns off the street and acknowledged that he was not permitted to possess firearms due to his status as a convicted felon.

On May 6, 2009, Defendant was indicted on one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). On August 18, 2009, Defendant and the Government signed a Plea Agreement pursuant to Federal Rule of Criminal Procedure 11 ("the Plea Agreement").

### A.  Plea Agreement Guideline Calculation

The Plea Agreement includes this calculation of Defendant's sentencing range according to the United States Sentencing Guidelines ("U.S.S.G."):

1. Offense Level: 21

    a. Base Offense Level: 22 points, U.S.S.G. § 2K2.1(a)(3) (unlawful possession of a semiautomatic firearm with large capacity magazine after a felony controlled-substance offense);

    b. Special Characteristics of the Offense: 2 points, U.S.S.G. § 2K2.1(b)(1)(A) (offense involved six firearms);

    c. Adjustment for Acceptance of Responsibility: -3 points, U.S.S.G. § 3E1.1.

2. Criminal History Category: III (6 points)

    a. 01/08/1998 - Delivery of less than 50 grams cocaine: 3 points, U.S.S.G. § 4A1.1(a);

    b. 01/08/1998 - Receiving stolen property: 3 points, U.S.S.G. § 4A1.1(a).

The sentencing range corresponding to Offense Level 21 and Criminal History Category III is 46-57 months.

### B.  Probation's Guideline Calculation

On September 23, 2009, the Probation Department issued its Pre-Sentence Investigation Report ("PSIR"). Probation's determination of Defendant's sentencing range differs substantially, because it includes convictions the Government was not

2

aware of when the Plea Agreement was negotiated.

1. Offense Level: 25

   a. Base Offense Level: 26 points, U.S.S.G. § 2K2.1(a)(1) (unlawful possession of a semiautomatic firearm with large capacity magazine after two felony controlled-substance offenses);

   b. Special Characteristics of the Offense: 2 points, U.S.S.G. § 2K2.1(b)(1)(A) (offense involved six firearms);

   c. Adjustment for Acceptance of Responsibility: -3 points, U.S.S.G. § 3E1.1.

2. Criminal History: V (12 points)

   a. 09/23/1991 - Carrying a concealed weapon, 6 months to 5 years; released on 09/08/1996, after violating parole: 3 points, U.S.S.G. § 4A1.1(a);

   b. 01/08/1998 - Attempted possession with intent to deliver less than 50 grams of cocaine, 1-5 years; paroled on 07/07/1998: 3 points, U.S.S.G. § 4A1.1(a);

   c. 01/08/1998 - Receiving and concealing over $100 stolen property, 1-2,5 years; paroled 07/07/1998: 3 points, U.S.S.G. § 4A1.1(a);

   d. 02/11/2002 - Delivery/Manufacture of Marijuana, 2 years probation, 6 months tether: 1 point, U.S.S.G. § 4A1.1(c);

   e. 05/04/2004 - Delivery/Manufacture of Marijuana (two counts), 2 years probation, 6 months tether: 1 point, U.S.S.G. § 4A1.1(c);

   f. 05/28/2009 - Delivery/Manufacture of Marijuana, habitual fourth offender, 1 year probation: 1 point, U.S.S.G. § 4A1.1(c).

Probation states the sentencing range corresponding to Offense Level 25 and Criminal History Category V is 100-120 months.

### III.   ANALYSIS

A sentencing court bears a statutory duty to fashion a sentence that is "sufficient, but not greater than necessary."  18 U.S.C. § 3553(a)(2).  The starting point of this analysis should always be the sentence prescribed by the Sentencing Guidelines.  *Gall v. United States*, 552 U.S. 38, 49 (2007) ("[A] district court should begin all sentencing

3

proceedings by correctly calculating the applicable Guidelines range") (*citing Rita v. United States*, 551 U.S. 338, 377-78 (2007)).  However, the court may not limit its analysis to the Guidelines; indeed, it "may not presume that the Guidelines range is reasonable."  *Gall*, 552 U.S. at 50.  Rather, before rendering its decision, the court must consider all the factors enumerated in 18 U.S.C. § 3553(a) to determine if they warrant adjusting the sentence.  *United States v. Booker*, 543 U.S. 220, 245-46 (2005).

Pursuant to Fed. R. Crim. P. 11, a court that disagrees with the terms of a plea deal may reject that agreement.  When rejecting a plea agreement, the court must:

- (A)  inform the parties that the court rejects the plea agreement;

- (B)  advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and

- (C)  advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

Fed. R. Crim. P. 11(c)(5).

The Court reviewed the Plea Agreement and the PSIR, and finds that Probation's Guideline calculation is correct.  In light of Defendant's entire criminal record, his proper Offense Level is 25 and his correct Criminal History Category is V.  Therefore, Defendant's applicable sentencing range is 100-125 months (not 100-120 months, as stated in the PSIR).

## IV.  CONCLUSION

For these reasons, the Court **REJECTS** the August 18, 2009 Plea Agreement between Defendant and the Government.  Defendant is advised that he may withdraw

his guilty plea or proceed to sentencing. If Defendant elects to withdraw his plea, he can either proceed to trial, or, if the Government is willing, re-negotiate the terms of his Plea Agreement. If Defendant maintains his plea, the Court will use the 100-125 month range as a starting point to determine his sentence, before considering the 18 U.S.C. § 3553(a) factors.

**IT IS ORDERED**.

                                                                         s/Victoria A. Roberts
                                                                         Victoria A. Roberts
                                                                         United States District Judge

Dated: December 10, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 10, 2009.

s/Linda Vertriest
Deputy Clerk

---